IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIRST BAPTIST CHURCH, RED OAK, TEXAS, INC., | § § § § § | |
| Plaintiff, | | |
| v. | § § § | Case No. 3:25-cv-00505-S |
| LOGISTICS LAND INVESTMENT, LLC, AND RO INFRASTRUCTURE, LLC, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff First Baptist Church, Red Oak, Texas, Inc.'s, (First Baptist or Plaintiff) Motion to Remand or, Alternatively, For Abstention (ECF No. 5). As explained below, the District Judge should **GRANT** Plaintiff's Motion to Remand.

**Background**

Plaintiff initiated this lawsuit on January 21, 2025, in the 40th Judicial District Court in Ellis County, Texas, asserting state-law claims arising out of an alleged breach of an Agreement for Purchase and Sale of Real Property (Purchase Agreement) by Defendants Logistics Land Investment, LLC, (Logistics LLC), and RO Infrastructure, LLC, (RO LLC). Defendants answered in state court and then removed the lawsuit to federal court on February 27, 2025, on grounds of diversity jurisdiction. *See* Defs.' Not. Removal (ECF No. 1).

1

Specifically, Defendants' Notice of Removal pleads:

> Plaintiff First Baptist is a citizen of Texas. . . . First Baptist is a Texas non-profit corporation whose principal place of business is located in Texas. Therefore, First Baptist is a citizen of Texas. Defendant Logistics LLC is a citizen of Georgia. . . .
>
> Defendant Logistics LLC's sole member is TPA Group, LLC. TPA Group, LLC has twelve individual members, all of whom are citizens of Georgia. . . . Accordingly, Logistics LLC is a citizen of Georgia.
>
> Defendant RO LLC's sole member is Gate Infrastructure, LLC, whose members include three individuals and various LLC entities. The three individual members are citizens of Georgia, and the each of the six LLC entities has individual members who are also citizens of Georgia. Accordingly, RO LLC is a citizen of Georgia.
>
> Because Plaintiff First Baptist is a citizen of Texas and Defendants Logistics LLC and RO LLC are citizens of Georgia, complete diversity of citizenship exists between the parties.

*Id.* at 3–4.

On March 27, 2025, Plaintiff filed a Motion to Remand or Dismiss for Lack of Jurisdiction, or Alternatively, for Abstention (ECF No. 5). In its Motion, Plaintiff contends:

(1) Defendants failed to properly plead the citizenship of the individual members of Defendants for purposes of determining whether diversity jurisdiction exists;

(2) The Purchase Agreement contains a venue selection provision that provides for exclusive jurisdiction in state court; and finally

2

(3) The Court should "decline to exercise its supplemental jurisdiction[] and abstain from hearing this case" under various abstention doctrines.

*See* Mot. Remand at 6, 7–8, 9–15 (ECF No. 5).

## Legal Standards and Analysis

"A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (citations omitted). And here, Defendants' Notice of Removal, as supplemented by Defendants' Response to Plaintiff's Motion to Remand, satisfies this requirement. *See* Defs.' Not. Removal 3-4 (ECF No. 1); *See* Defs.' Resp. Br. 2, n. 1–4 (ECF No. 6). Defendants' Notice of Removal alleges the citizenship of each LLCs' members, and where those members were other LLC entities, Defendants trace each layer of membership to natural persons. *See* Defs.' Not. Removal 3-4 (ECF No. 1); *see also Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (citations omitted). The Notice of Removal also specifically alleges that the individual members of Logistics LLC and RO LLC are Georgia citizens. *See* Defs.' Not. Removal 3-4 (ECF No. 1). To the extent the Notice of Removal fails to specifically identify every member of every LLC *by name*, Defendants remedy that issue in their Response to Plaintiff's Motion. *See* Defs.' Resp. Br. 2, n. 1–4 (ECF No. 6) (identifying "each individual member by name"). By not filing a reply, Plaintiff tacitly concedes that Defendants'

3

jurisdictional allegations, as supplemented by the Response, demonstrate that a basis for diversity jurisdiction exists.

However, Plaintiff also contends that the forum selection clause in the parties' Purchase Agreement prevents Defendants from removing this case to federal court. *See* Mot. Remand at 7 (ECF No.5) (arguing that Defendants have waived their right to remove this case to this Court "by voluntarily entering into the [Purchase Agreement] and agreeing to the venue selection clause contained in Section 14.06."). Plaintiff is correct that "'[a] party to a contract may waive a right of removal provided the provision of the contract makes clear' the intent to waive that right." *Dynamic CRM Recruiting Solutions, L.L.C. v. UMA Education, Inc.*, 31 F.4th 914, 917 (5th Cir. 2022) (quoting *Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)). Indeed, a contracting party may waive removal rights in three ways: (1) by explicitly stating that it is doing so; (2) by allowing the other party the right to choose venue; or (3) by establishing an exclusive venue within the contract. *See id.* at 917 (quoting *City of New Orleans*, 376 F.3d at 504). But a forum-selection clause will "prevent a party from exercising its right to removal" only if "the clause [gives] a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504–505 (5th Cir. 2004) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir.1991)).

4

Here, Plaintiff relies on Section 14.06 of the Purchase Agreement, which states:

> **Section 14.06 <u>Governing Law; Venue</u>**. This Agreement and all rights, duties and responsibilities hereunder shall be interpreted and construed in accordance with the laws of the State of Texas. *Any action or proceeding for the enforcement or interpretation of this Agreement shall be brought in the District Courts of Ellis County, Texas.*

*See* Mot. Remand at 7 (ECF No. 5) (emphasis added). Because the forum selection clause above does not mention removal or give either party the right to choose the forum, the question is whether the clause establishes an exclusive venue within the contract. *See Dynamic*, 31 F.4th at 917.

Texas law governs the interpretation of this clause. *See id.* at 918. When interpreting a written contract under Texas law, "a court's 'prime directive' . . . 'is to ascertain the parties' intent as expressed in the instrument.'" *Id.* (quoting *URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 757 (Tex. 2018)). In doing so, courts "give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense." *Murphy Expl. & Prod. Co.-USA v. Adams*, 560 S.W.3d 105, 108 (Tex. 2018) (citation omitted).

Properly interpreted, Section 14.06 establishes an exclusive forum for a lawsuit arising out of the Purchase Agreement and, thus, constitutes a clear and unequivocal waiver of Defendants' right of removal. *See Dynamic*, 31 F.4th at 918. The Fifth Circuit's decision in *Dynamic CRM Recruiting Solutions, L.L.C. v. UMA*

5

*Education, Inc.*, is particularly instructive. *See id.* Like the forum selection clause at issue in *Dynamic*, Section 14.06 uses "shall"—"the paradigmatic mandatory word"—in specifying that suits for the enforcement or interpretation of the Purchase Agreement must "be brought in the District Courts of Ellis County, Texas." *Compare* Mot. Remand at 7 (ECF No. 5) (citing Section 14.06); *with Dynamic*, 31 F.4th at 914 (quoting *Welch v. Thompson*, 20 F.3d 636, 640 n.12 (5th Cir. 1994); *see also MSC Mediterranean Shipping Co. S.A. v. BNSF Ry. Co.*, 769 F. Supp. 3d 547, 551 (N.D. Tex. 2025) ("The inclusion of the word "shall" in a forum selection clause often makes the clause mandatory rather than permissive."). And "the District Courts *of* Ellis County, Texas" refers only to those state courts created under that jurisdiction's authority, not to a federal court located within or near that jurisdiction's boundary. *See Dynamic*, 31 F.4th at 918 n.14 (affirming the district court's ruling that "federal district courts are not "of Harris County," even though one of them is *in* Harris County"); Mot. Remand at 7 (ECF No. 5) (emphasis added) (citing Section 14.06). The District Court for the Northern District of Texas is therefore not a "District Court[] of Ellis County, Texas." *See id.* Thus, Section 14.06 requires that an "action or proceeding for the enforcement or interpretation of [the Purchase Agreement]" be brought in the state district courts of Ellis County, Texas. *See id.*

Additionally, because removal is a manner of "bringing a case," Section 14.06 also prohibits a case initially filed in an Ellis County District Court from being removed to federal court. *See id.* at 921 (treating removal as the

6

commencement, or bringing of, a proceeding in a federal district court for purposes of a forum selection clause); *see also id.* at 922 (citing "a bevy of cases from around the country" interpreting similarly worded forum selection clauses as barring removal to federal court).

Defendants, however, argue that *Dunn v. AgriSompo* demands the opposite result. *See* Defs.' Resp. at 10 (ECF No. 6) (citing *Dunn v. AgriSompo N.A., Inc.*, 2022 WL 2168858 (N.D. Miss. June 16, 2022). In their Response, Defendants contend that the district court in *Dunn* "found nearly identical contract language insufficient . . . to constitute clear, unequivocal waiver of removal rights." *See id.* But the language at issue in *Dunn*, which involved a venue clause in an employment agreement, is materially different from that of Section 14.06. Indeed, the language in *Dunn* involved only one party—the employee—agreeing to be bound by a mandatory venue provision. *See Dunn* 2022 WL 2168858 at *2 ("*Employee* … (ii) agrees that *he* will not bring any action, suit, or proceeding against Employer in any other forum.") (emphasis added). As a result, the *Dunn* court concluded that nothing in the clause indicated "an agreement by [the employer] to waive its removal right." *See id.* Here, unlike in *Dunn*, Section 14.06 applies equally to both parties, who agreed that "[*a*]*ny action or proceeding* for the enforcement or interpretation of this Agreement shall be brought in the District Courts of Ellis County, Texas." *See* Mot. Remand at 7 (ECF No. 5) (emphasis added). Section 14.06 does not state, for example, that "any action brought by *First Baptist* shall be brought in the District Courts of Ellis County, Texas." *Compare*

7

*Dunn*, 2022 WL 2168858 at *2; *with* Mot. Remand at 7 (citing Section 14.06). *Dunn* is therefore distinguishable.

As Section 14.06 requires the Court to remand this case to state court, the undersigned pretermits consideration of Plaintiff's other arguments.

## Recommendation

The District Judge should **GRANT** Plaintiff First Baptist's Motion to Remand (ECF No. 5) and remand this case to the state court from which it was removed.

**SO RECOMMENDED**.

November 6, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).